IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KIM Y. AMES,                              )
                                          )
                    Plaintiff,            )
                                          )
        v.                                )        Civil No.  13-2511-JAR
                                          )
CAROLYN W. COLVIN,                        )
ACTING COMMISSIONER OF                    )
SOCIAL SECURITY,                          )
                                          )
                    Defendant.            )

## MEMORANDUM AND ORDER

This matter is before the Court for review of the final decision of Defendant

Commissioner of Social Security denying Plaintiff Kim Ames's applications for a period of

disability and disability benefits under Title II of the Social Security Act,[1] and supplemental

security income benefits under Title XVI of the Social Security Act.[2]   Because the Court finds

that Defendant Commissioner's findings are not supported by substantial evidence, the Court

reverses and remands the decision of Defendant Commissioner.

I.      **Procedural History**

On June 28, 2010, Plaintiff protectively applied for a period of disability, disability

insurance benefits and supplemental security income benefits.  Her applications claimed an onset

date of August 1, 2009; and she was last insured for disability insurance benefits on December

31, 2013.  Plaintiff's applications were denied initially and upon reconsideration.  Plaintiff

timely requested a hearing before an administrative law judge ("ALJ").  After a hearing, the ALJ

issued a decision finding that Plaintiff was not disabled; the Appeals Council denied plaintiff's

---

[1]42 U.S.C. §§ 401–434.

[2]42 U.S.C. §§ 1381–1383f.

request for review of the ALJ's decision.  Plaintiff then timely sought  judicial review before this Court.

## II.      Standard for Judicial Review

Judicial review under 42 U.S.C. § 405(g) is limited to whether Defendant's decision is supported by substantial evidence in the record as a whole and whether defendant applied the correct legal standards.[3]  The Tenth Circuit has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[4]  In the course of its review, the court may not re-weigh the evidence or substitute its judgment for that of Defendant.[5]

## III.     Legal Standards and Analytical Framework

Under the Social Security Act, "disability" means the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment."[6] An individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."[7]  The Secretary has established a five-step sequential evaluation process to determine whether a claimant is

---

[3]*See White v. Massanari*, 271 F.3d 1256, 1257 (10th Cir. 2001) (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994)).

[4]*Id*. (quoting *Castellano*, 26 F.3d at 1028).

[5]*Id.*

[6]42 U.S.C. § 423(d)(1)(A); § 416(i); § 1382c(a)(3)(A).

[7]*Id.* § 423(d)(2)(A); § 1382c(a)(3)(B).

disabled.[8]  If the ALJ determines the claimant is disabled or not disabled at any step along the way, the evaluation ends.[9]

Plaintiff does not challenge the ALJ's determination at step one that Plaintiff has not engaged in substantial gainful activity[10] since August 1, 2009, the alleged onset date.  Nor does Plaintiff challenge the ALJ's determination at step two that Plaintiff has medically "severe" impairments: internal derangement of the right knee, arthroscopic decompression of the right shoulder; left heel spur, chronic obstructive pulmonary disease, and obesity.  Nor does Plaintiff challenge the ALJ's determination at step three that she does not have an impairment or combination of impairments that meet or equal a listing.

But Plaintiff challenges the ALJ's determination of Plaintiff's Residual Functional Capacity ("RFC") at step four based on his failure to properly weigh the medical opinions, failure to provide a "narrative bridge" linking the medical evidence with the limitations, and based on the RFC not being supported by substantial evidence in the record.

## IV.    Discussion

### A.    The ALJ's RFC Determination

The ALJ determined that Plaintiff has the RFC to perform light work, including: lift and/or carry twenty pounds occasionally and ten pounds frequently, below shoulder level; stand and/or walk as well as sit, with normal breaks, for a total of six hours out of an eight-hour workday; unlimited pushing and/or pulling other than as indicated for lifting and/or carrying

---

[8]*Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1983).

[9]*Id.*

[10]*See Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988).

below shoulder level.  The ALJ further found that Plaintiff can occasionally climb stairs and

ramps and occasionally balance, stoop, kneel, crouch or crawl; but that Plaintiff is precluded

from climbing ladders, ropes and scaffolds and should avoid lifting over ten pounds above

shoulder level on the right, and avoid repetitive over-shoulder activity on the right.  The ALJ

also found that Plaintiff is precluded from unprotected heights.

     **B.**    **The Medical Opinions**

     The ALJ discussed medical opinions from three sources: Dr. Jay Hughey, a consultative

examiner; Dr. Michael Gurvey, who reviewed medical records and testified as an expert witness

at the administrative hearing; and Dr. C.A. Parsons, the State agency medical consultant.  The

ALJ gave Dr. Parson's opinion "great weight," and "significant" but "less weight" to Dr.

Gurvey's opinion.  The ALJ did not assign a weight to Dr. Hughey's opinion, but simply noted

that Dr. Hughey did not assess any functional limitations.  There were no Medical Source

Statements from any source, and no medical opinion from any treating source.  But there were

medical opinions, and the ALJ should consider and assign weight to all of the medical

opinions.[11]     In evaluating the opinion of a medical source, the ALJ is to use the so-called

*Goatcher* factors: (1) the length of the treatment relationship and the frequency of examination;

(2) the nature and extent of the treatment relationship, including the treatment provided and the

kind of examination or testing performed; (3) the degree to which the physician's opinion is

supported by relevant evidence; (4) consistency between the opinion and the record as a whole;

(5) whether the physician is a specialist in the area upon which an opinion is rendered; and (6)

---

[11]SSR 96-5P, 1996 WL 374183 (July 2, 1996).

other factors brought to the ALJ's attention which tend to support or contradict the opinion.[12]

The ALJ, however, is not required to discuss each of these factors.[13]

### Dr. Jay Hughey, Consultative Examiner

Plaintiff contends that the ALJ erred in failing to assess any weight to Dr. Hughey's opinion because Dr. Hughey did in fact did address functional limitations in stating that Plaintiff "was short of breath after walking four blocks slowly," was "allergic to dust and pollen," that her symptoms were "worse in the spring and winter." But these were not observations or evaluations by Dr. Hughey.  Rather, Dr. Hughey recorded that this information was from Plaintiff's self-reported medical history.

Nonetheless, Dr. Hughey performed a clinical examination of Plaintiff on December 11, 2010, and made a number of findings based on his examination.  Dr. Hughey stated that Plaintiff had normal range of motion in all joints except that her left shoulder had 100° abduction, when 150° is normal; 120° forward elevation, when 150° is normal; 25° adduction when 30° is normal; and external rotation of 80° when 90° is normal.  Dr. Hughey also determined that Plaintiff's right knee had a negative 5° of extension when 0° was normal.  And with regard to the knee, he noted "(c)reptitation noted bilaterally.  There is tenderness to palpation of the right medial joint line.  There is mild effusion noted on the right."  Dr. Hughey further observed the Plaintiff did not use an assistive device, had mild difficulty getting on and off the examination table, moderate difficulty with heel and toe walking, with squatting and with arising from a

---

[12]*Goatcher v. U.S. Dept. of Health & Human Servs.*, 52 F.3d 288, 290 (10th Cir.1995) (citing 20 C.F.R. § 404.1527(d)(2)-(6)).

[13]*See Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir.2007)(finding that the ALJ's lack of discussion of all the factors did not prevent the court from giving meaningful review to the ALJ's decision.)

sitting position.  He also observed that Plaintiff had severe difficulty hopping.

The ALJ did not address Dr. Hughey's many findings and opinions that were based on his clinical examination and observations.  It was error for the ALJ to ignore this evidence and not address and assign any weight to Dr. Hughey's medical opinion.  Moreover, although Dr. Hughey did not specifically assess any functional limitations, his opinion was relevant to the ALJ's determination of a number of components of the RFC, including the ability to walk and stand, as well as environmental limitations that might relate to breathing or asthma.  On remand, the ALJ must address Dr. Hughey's findings and opinion.

**Dr. Michael Gurvey, orthopedic surgeon**

Plaintiff contends that the ALJ erred in assessing "less weight" to Dr. Gurvey's opinion than he assessed to the opinion of Dr. Parson, the state agency medical consultant, because the ALJ discounted Dr. Gurvey's opinion for an inadequate reason.  Dr. Gurvey, a board-certified orthopedic surgeon, reviewed the records and testified at the administrative hearing as an impartial medical expert. The ALJ stated that he gave Dr. Gurvey's opinion "significant weight," but less weight than Dr. Parson's opinion, because Dr. Gurvey testified that he had not reviewed all of the medical evidence of record.  Specifically, Dr. Gurvey did not review the records found in Exhibits 20F and 21F.  These records consist of a one-page treatment from Dr. Noland who examined Plaintiff on May 2, 2011, and a two-paragraph letter and a one-page treatment note from Dr. Thomas, a surgeon who examined Plaintiff on May 12, 2011.  Dr. Noland examined Plaintiff, found she had bilateral leg and foot pain and decided to refer her to a vascular surgeon for evaluation and to do a lumbar spine MRI to rule out any evidence of radiculopathy.   Dr. Thomas, a vascular surgeon, examined Plaintiff and determined that her pain was not vascular in

origin.

Plaintiff contends that the ALJ was not justified in giving lesser weight to Dr. Gurvey's opinion on this basis, because the treatment notes of Drs. Noland and Thomas were of little consequence. But, this Court fails to see how the ALJ's assigning "significant" but less weight to Dr. Gurvey's opinion than Dr. Parson's opinion is of any consequence because the ALJ's RFC is largely consistent with Dr. Gurvey's opinion. In fact, the ALJ's RFC assessment differed from Dr. Gurvey's opinion in only one respect. The ALJ's RFC limited Plaintiff to lifting or carrying twenty pounds occasionally and ten pounds frequently, while Dr. Gurvey opined that Plaintiff could lift or carry heavier objects—fifty pounds occasionally and twenty-five pounds frequently. In other words, the difference between the ALJ's RFC and Dr. Gurvey's opinion inured to the benefit of Plaintiff, and was based on the ALJ's review of all the medical evidence in the record. The Tenth Circuit has held that it is proper for an ALJ to moderate a medical opinion favorably toward the claimant without explaining the favorable modification.[14] In effect, to the extent the ALJ erred in giving Dr. Gurvey's opinion less weight, it is a harmless error, for the Court can "confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way."[15]

**Dr. C.A. Parsons, State agency medical consultant**

The ALJ gave "great weight" to the opinion of Dr. Parsons, the State agency medical consultant who reviewed the records. Plaintiff contends that the ALJ erred in giving "great

---

[14]*Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir.2012)("we are aware of no controlling authority holding that the full adverse force of a medical opinion cannot be moderated favorably . . . (for the claimant) . . . unless the ALJ provides an explanation for extending the claimant such a benefit.")

[15]*Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir.2004).

weight" to Dr. Parson's opinion, but inexplicably not adopting all of the limitations in Dr.

Parsons' opinion.  Plaintiff complains that the ALJ inexplicably did not adopt Dr. Parson's

opinion that Plaintiff could frequently balance.  Indeed, the ALJ adopted a more restrictive

limitation, in Plaintiff's favor, that Plaintiff could only occasionally balance.

     Plaintiff also complains that the ALJ did not adopt the limitations of avoiding

concentrated exposure to fumes, odors, dusts, gases and poor ventilation, and did not explain

why he did not adopt these limitations that were in Dr. Parsons' opinion.  Given that the ALJ

gave "great weight" to Dr. Parsons' opinion and "significant" but "less weight" to Dr. Gurvey's

opinion, the Court agrees that the ALJ failed to explain why he did not include any or all of these

environmental limitations.  Dr. Gurvey only included the environmental limitation that Plaintiff

was precluded from unprotected heights.  But other medical evidence is supportive of

environmental limitations.  Dr. Hughey examined Plaintiff, noted that she had scattered

wheezing and a mild reduction in breath sounds, and diagnosed asthma and "mild lung disease."

And the treatment records include many notations of trouble with breathing, shortness of breath,

coughing and wheezing were noted in treatment notes in December 2009, December 2010, April

2011, and in June 2011, when the doctor did a CT scan of her chest.  The ALJ discussed these

instances as well as other medical evidence of asthma and pulmonary disease, yet dismissed this

evidence simply because "claimant was a smoker, and continued to smoke, in spite of her

physician's recommendation to quit."

     Defendant acknowledges that the ALJ did not adopt any environmental limitations except

preclusion from unprotected heights, but argues that Plaintiff can show no prejudice because

"environmental restrictions have little to no effect on work at the light exertional level, such as

Plaintiff's past work as a retail sales clerk." But, with an RFC of light work, Plaintiff is expected to be able to walk. In fact, Social Security rulings provide,

> *Light exertion combined with a nonexertional impairment.* The major difference between sedentary and light work is that most light jobs—particularly those at the unskilled level of complexity— require a person to be standing or walking most of the workday.[16]

And, there is medical and other evidence in the record suggesting that Plaintiff's ability to walk was compromised by her asthma and pulmonary problems. Thus, the ALJ erred in failing to explain the lack of environmental restrictions in the RFC in light of the medical and non-medical evidence, including the medical opinion of Dr. Parsons and the medical findings and opinion of Dr. Hughey, to whom the ALJ assigned no weight.

## V.    Conclusion

For these reasons, the Court concludes that the ALJ erred in assessing Plaintiff's RFC at step four. Accordingly the decision of the Commissioner will be reversed and remanded. Upon remand, the Commissioner shall reassess the RFC in accordance with this decision..

**IT IS THEREFORE ORDERED BY THE COURT THAT** Defendant's decision denying Plaintiff disability benefits is **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

Dated: January 12, 2015

S/ Julie A. Robinson

---

[16]SSR 83-14, 1983 WL 31254, *4 (1983).

JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE